et al, 22-3130. Good morning. Good morning, your honor. I'm Woodruff Carroll, I'm from upstate New York. I represent the Orchard Party in this case. And fundamental to the entire of what we are dealing with here is that there was a partition agreement splitting the tribe into two separate areas early on. And that the land that the United Nation and the rights they claim come out of the Christian side of the partition of the land. I just ask, I mean, this argument that you're making about there being a partition and that there were two different tribes and so on. Didn't we consider this in our decision in 2020? I don't believe so. I don't think it was even argued. This is not just a re-litigation of the earlier- No, no it is not. No, I wouldn't bother to do that. It's too much work. Rule 60 v motion, right? So I guess I have this question. Is there new evidence or argument or issues that were not considered in the first appeal that would be the basis of a rule 60? Yes, I listed them in my brief, Your Honor. And I don't believe that- Remind us what those are. I don't believe the partition agreement was ever considered. The last act of the New York legislature awarding money to the individuals in the Orchard Party that owned the contested lot agreed- Wasn't that in the opinion? It was not in the opinion that I saw, Your Honor. I'll look at it again. You've got two members of that panel. I mean, the earlier opinion- I don't have the opinion in front of me. But the earlier opinion did determine that there wasn't a separate Orchard Party tribe from the United Indian Nation, right? That the state of New York and that the federal government recognized separate tribes and so on, right? That was decided in that- It did say that- You can say there's some piece of evidence or something that the earlier panel didn't see and didn't consider. And we can think about that. But that issue was before the earlier panel, right? It was not properly argued by people who had understood the history. Well, that's a different kind of- Doesn't that actually happen all the time in litigation? And that's the reason why you don't have two overs. You have your one shot, and you do your best can on the shot, and then you don't get a two over. Yeah, but when we looked it over, they did not consider a large number of the issues that were- When you say they did not consider- The council, they didn't argue a lot of them. Okay? A large number of the issues that are dispositive, both of it, and the facts. On the initial direct appeal, they neglected to make a number of different arguments. Yes. And you want to re-litigate the- I don't want to re-litigate, Your Honor. You want to re-litigate those in the first instance, but they all relate to title, to ownership over this disputed parcel, correct? Yes, Your Honor. There are two theories of ownership that we rejected, but we also more broadly rejected the arguments from your client the first time, that is the initial panel. So just to go back to Jashmin Ashy's question, we broadly rejected the argument about title and ownership. And now you're saying, well, there are actually other sub-arguments that were not made. Is that- No, they're not sub-arguments, Your Honor. They did not present the title chain of this parcel correctly. And it's placed in the partition agreement as being in two separate areas. They split their land and agreed never to contest it. And then our parcel is in the parcel on top of the hill with the Orchard Party in the pagan part of that agreement. And the parcel in the valley is in the Christian part of it. Now, Ray and the United Nations have succeeded in gobbling up most of the rights of the Christian Party and everything in that area. They've got their reservation and trust down there. And there's been no interreaction and they've not done a single act on this parcel in 200 years. And if we were to remand it and get the Bureau of Indian Affair filings, you'll see they never even claimed they owned it. That's how bad their claim is to this thing. They have nothing whatsoever they've done on this parcel ever because they never believed they owned it themselves. So which part of the district court's four reasons do you say was an abuse of discretion? Court had four reasons. All of them. I haven't heard you argue why any of them was a abuse of discretion. I've heard you argue why you should win but not why the court misapplied rule 60B. I had a problem getting this together. It came down during the coronavirus and I had trouble getting into some of the buildings where the documents were. Would you just answer, just line it up? Well, that's the timeliness. That's one of the timeliness arguments. And the other one is that because of the timeliness problems I put it under 60B-6. Wait, wait, wait. Do you agree that it's, because one of the things you didn't do or appear to have failed to make, and I say you. Yes, sir. Is to really tackle anything except maybe arguably the underlying merits. So on the untimeliness issue, what's your argument? My argument on the untimeliness issue is that they have, is that first we have 60B-6, of course, which is a catch-all. Then we have the one-year limitation that we missed. And I got delayed in my research because I couldn't get into places because of coronavirus. And on top of that, we had a... Did you make any of these arguments in your brief? Yes, they're all in my brief. So, and then there was a failure to comply with the local rule 7.1. Yes, I put in a perfectly fine memorandum, Your Honor. Before we get to that, so rule 60B-6 is a catch-all, but it only applies when the earlier subsections of rule 60B don't apply, right? Right. And so it does seem like you were arguing that there was a mistake here, that the court didn't take account of some piece of evidence that you think it should have in order to decide who owns the parcel, right? Well, yeah. That's a rule 60B-1 argument, right? It's a catch-all, Your Honor, to pick it up at the end. Okay, well, fine. But let's assume that the one-year applies. You're saying that the one-year shouldn't apply because you needed extra time to look for documents. Did you, in fact, locate any documents that would make a difference to the district court? We've been doing the treatise and the other stuff. I was not able to get the BIA and all the rest of their documents lined up. So you didn't actually have the documents. Did you tell the district court you were looking for such things? No, I did not. Okay, so we should just say that the one-year deadline would be automatically totaled because you needed more time to do research. That's the argument that you're making. That's part of it, Your Honor. It was attributable to the coronavirus which delayed everything that we did during that time. And then there's the fact that the other claims, I laid them out. There's a fraud issue and some other things like that. But I felt that if all else failed, we would just simply argue 60B-6 and take our chances on that one. So you've, I think, reserved some time for rebuttal, Mr. Carroll. Yes, sir. We'll therefore hear from your friend on the other side, Mr. Smith. Thank you. May it please the court. Good morning. Good morning. Michael Smith for the Appellee Onida Indian Nation. What I would like to do is make three brief, really very brief points that I'm hopeful provide some. I like to hear that. Well, I'm serious that I'm hopeful provide some perspective on the appeal that is filled with so many inadequacies. One, the appellants have been unable to formulate a coherent ownership theory because it has always been undisputed. It has been agreed that the 19.6 acres was a part of the original Onida Reservation recognized by the United States in 1794 in the Treaty of Canandaigua. And it has been undisputed, always agreed, that the land was never ceded to the state. That leaves almost no maneuvering room, and in fact, they found nothing to justify any maneuvering. Two, the appellants have been unable to formulate a coherent Rule 60 argument for the simple reason they have nothing new. Everything they have was in their possession during the merits litigation, and in fact, was before this court when it decided this case on the merits previously. Relatedly, all of their arguments, however they change, however inconsistent, in whatever direction they go, all drill some root down into the 1838 and 1842 treaties that this court authoritatively construed as a matter of law did not affect Onida title in the land at issue. Three, and the last point, is that putting aside all other defects which we've explained in the brief, and they're manifest and almost endless. The fact is this Rule 60 motion was filed just short of three years after the entry of judgment. The decisions of this court have held that such a delay is unreasonable under Rule 60C, which requires that the motion be filed within a reasonable time, and in fact, the court has held it much less time, has been unreasonable, and here, the unreasonableness is just underscored by the fact that there's nothing new that could justify delay, and by the excuse given in the papers for the delay, which is that we wanted to see how the appeal came out, and we wanted to see how the cert petition came out. That's not a justification for delay. It really underlines how it's circumvented the fact this court's rulings that the time runs from the entry of judgment as long as nothing is changed on appeal, right? The rulings are absolutely clear that it runs from entry and judgment, and that in fact, for the one year- So if the appeal had changed the positions of the parties in some way such that they had to argue something different, then maybe the argument would be plausible that they were entitled to more time, or time that ran from the appeal? Is that right? No, the rule in the circuit is that if the appeal modifies the judgment, well, then a new clock is started from that new judgment, but in this case, the judgment was affirmed without any modification, and the black letter in this district, and I'm sure elsewhere in the circuit, is that- Well, Mr. Phillips does bring up some arguments about jurisdiction and standing and so on that maybe he could argue at a later time, right? What about those sorts of issues? No, Your Honor, there's nothing new about any of those. The standing argument when you read it is the argument that the Oneidas did not prove entitlement to the 19.6 acres. It's just a merits argument about ownership. Right, so you're saying it's not a true standing argument, but if he did point out a jurisdictional defect or something that the court didn't have the authority to enter the original judgment, maybe that would be something that could be raised at a later time. Well, I'm not sure what level of generality we're at. Clearly, B4 envisions that in some dramatic circumstances, a total want of jurisdiction and no arguable basis for jurisdiction could justify some relief, but we're not in that world or even close here. In fact, the court is clear. I focus on 60C and the unreasonableness of delay because it's a step back from the rules about the one year, and it's so clear that it's unreasonable, but the fact is, all of these arguments are either B1 or B2 arguments that are flatly barred by the one-year rule, which is not extendable, and the offer of- It's not even clear to me that on appeal, the other bases for the district court's denial of the 60B motion are being challenged. Well, Your Honor, one of the points we make dead seriously is that when you read the brief on appeal, the opening brief, there's no identification of any error to review. There's no attack on any one of the four rulings of the district court, and the reply says, but what we did do is just attack the decision generally. In other words, they've come back to argue again on the merits that the United Nations- One of the district court's reasons was lack of merit, and they do argue the merits again, so there is at least a response to that ground for a decision. You're saying the other ones might be dispositive. I'm sorry, I didn't hear you, Judge. One of the grounds for district court's decision to deny the Rule 60 motion was lack of merit, and they do argue the merits again, so they are addressing that. That issue, but you're just saying the other ones would be dispositive anyway. Correct, and I'd say something specific about the merits reference. Merits in this context has two meanings. One is, for example, that the 1849 statute they cite to has nothing in it that affects the title of the United Nations. That's a merits argument, right? But merits in the Rule 60 context also goes to the permissible reasons to argue for the vacation of a judgment, and so when the district court said they failed on the merits, I believe it's clear from the totality of the order, that's the place where the district court is saying they did not provide a sufficient Rule 60 explanation for vacating the judgment. So if the court has no questions, the nation will rest on its feet. Can I ask about the noncompliance with Local Rule 7.1? So there was a memorandum of law, right, and there was this affidavit by the attorney. Is the noncompliance with Rule 7.1 just the memorandum didn't set out what subsection of Rule 60b they were relying on and arguments to that effect? That's the lack of compliance with Rule 7.1? No, I don't think that's right, Your Honor. I think the lack of compliance is that the Rule 60 papers that were filed and the memo that was filed, that memo was a memo of law in name only. It literally had no reference to any Rule 60 jurisprudence and no reference to Rule 60 itself. Right, so it wasn't that there wasn't a memorandum of law, it was that it didn't comply with the requirement to address Rule 60. Right, I would say two things. It was either a Potemkin memorandum that had a front and nothing behind it, or it was a memorandum in name only because if you hold it up and look at it, it says memorandum, but if you look for one single entry in there that would explain that there's a Rule 60 attack on the judgment and then the balance between finality and fairness, this is one that should be vacated. Nada. But the key is, I think, in connection with that issue, that that is also not something that's taken up on appeal. In other words. Correct. They don't challenge that. They don't challenge any of the four reasons. The briefs here just plead over and over, we own it, they don't. And we have tried in our brief. Maybe they do challenge the merits at some level. Yeah, not the merits of the Rule 60 level. They were re-litigating the merits of the ownership issue that they litigated on the merits before. It's that two meanings of merits. You have two minutes left, so. Well, if there are no questions. You're two minutes. We'll rest on the briefs in town if you want. Thank you very much. So, Mr. Carroll, you have two minutes of rebuttal. Yes, sir. First, on the issue of formulating a coherent argument on 1794 and the partition agreement was after 1794 in 1805 when they separated the properties and agreed not to take each other, not to contest each other's properties. So, and I have a coherent ownership agreement and they've produced no evidence of any ownership of this parcel prior to the partition agreement. I mean, it's just incredible. Well, as for the Rule 60 issue, I, when I looked, how do you say it? When I looked it all over, I concluded that we were gonna run on the last one and anything else I argued in my brief as that was the one that was definitely there. When it went up on appeal, it was on appeal for like two or three years and by that time it had run and you were ever hopeful that the appellate court would do it and it didn't. You guys, you can express your opinion. I've never actually heard a lawyer refer to us as you guys. Sorry, you're sorry, Your Honor. My opinion, the illustrious Court of Appeals. The illustrious Court of Appeals. Thank you, an upgrade. Yes. Anything further, Mr. Carroll? No, I don't have it at this time, Your Honor, except to add that they failed to produce a single shred of proof they've ever had an interest in this parcel in the last 220 years and so therefore I don't think they have any standing to even argue what they're claiming here. Thank you very much. Thank you so much. We'll reserve a decision in this matter.